UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                   Case No. 8:11-cr-7-T-33AEP

MARIO ALBERTO SANCHEZ
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Mario Alberto Sanchez's Motion in Limine to Preclude the Introduction of Tape Recorded Conversations Between the Defendant and Paid Government Informant who is now Deceased and therefore Unavailable for Trial (Doc. # 19), which was filed on February 15, 2011. The Government filed a Response in Opposition to the Motion in Limine (Doc. # 22) on February 23, 2011. For the reasons that follow, the Court denies the Motion in Limine.

**I.   Introduction**

The indictment (Doc. # 10) charges that Sanchez, an illegal alien, knowingly possessed two firearms. This case is set for a jury trial during the Court's March 2011, trial term. By his Motion in Limine, Sanchez seeks an order barring the Government from presenting four tape recorded conversations between Sanchez and a confidential informant

that was working on behalf of the Government.[1] Sanchez asserts that, because the confidential informant is now deceased, he will be unable to cross examine him. To present the tape recorded conversations to the jury, Sanchez argues, would violate the Confrontation Clause of the Sixth Amendment to the United States Constitution.

The Government agrees that the confidential informant is unavailable for cross examination; however, the Government submits that presentation of the evidence in question to the jury would not violate of any of Sanchez's constitutional rights because the evidence is not offered to prove the truth of the matter asserted. Rather, the Government submits that it "intends to introduce the CI's statements . . . to provide context for the party-opponent statements of the defendant." (Doc. # 22 at 2).

II. **Analysis**

The Confrontation Clause prohibits admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross examination. Crawford v. Washington, 514 U.S. 36, 69 (2004). In situations such as the

---

[1] At this time, transcripts of the tape recorded conversations are not available for the Court's review.

present one, where the Government seeks admission of surreptitiously tape recorded conversations between a defendant and a confidential informant, the Eleventh Circuit has upheld the admission of such conversations into evidence when the confidential informant's testimony is not offered to prove the truth of the matters asserted. See United States v. Toepfer, 317 F. App'x 857, 860 (11th Cir. 2008)("the recorded statements of [a confidential informant] were not used to prove the truth of the matters asserted in those statements. Rather, the statements were offered merely to provide context to [the defendant's] admissions about his activities, knowledge, and intent, and thus, did not run afoul of the Confrontation Clause."); see also, United States v. Valdes, 214 F. App'x 948, 950 (11th Cir. 2007)("Statements made by [the defendant] in the tape-recorded conversations, when presented by the Government, were not hearsay because they were admissions of a party opponent.  Statements made by the informant were not hearsay because they were admitted not to prove the truth of the informant's statements but to provide context for [the defendant's] half of the telephone conversations.")(internal citations omitted).

The Court determines that it is appropriate to allow the Government to introduce the statements of the confidential

3

informant to the jury even though the confidential informant is not available for cross examination. This is because the statements are not offered for the truth of the matter asserted, and are only be presented to provide context to Sanchez's admissions against interest. Indeed, as pointed out by the Government, "many of the statements the CI makes on the recordings are false because he was acting in an undercover capacity on behalf of the government." (Doc. # 22 at 2).

Sanchez has not presented any case law or arguments that persuade this Court that the confidential informant's statements should be excluded. Thus, upon due consideration, the Court denies the Motion in Limine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Mario Alberto Sanchez's Motion in Limine to Preclude the Introduction of Tape Recorded Conversations Between the Defendant and Paid Government Informant who is now Deceased and therefore Unavailable for Trial (Doc. # 19) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of February 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4

Copies:   All Counsel of Record